UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DEREK WHEAT, | No. C 11-4509 MEJ |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| COUNTY OF ALAMEDA, *et al.*, | [RE: DOCKET NO. 35] |
| Defendants. | |

## I. INTRODUCTION

On September 12, 2011, Plaintiff Derek Wheat initiated this pro se action against Defendants County of Alameda and nine individuals employed by the County.[1] Dkt. No. 1. After Defendants filed a Motion to Dismiss, Plaintiff voluntarily amended his Complaint and Defendants' Motion was denied as moot. Dkt. Nos. 5, 16, and 17. Defendants then moved to dismiss Plaintiff's amended Complaint. Dkt. No. 18. This Motion was granted in part and denied in part, with Plaintiff being afforded the right to amend certain claims. Dkt. No. 32. Plaintiff complied with the Court's Order and filed a Second Amended Complaint ("SAC") on April 6, 2012. Dkt. No. 34. Defendants have now filed a Motion to Dismiss Plaintiff's SAC, which is currently pending before the Court.[2] Dkt. No. 35. Plaintiff has filed an Opposition, to which Defendants have filed a Reply. Dkt. Nos. 38 and 42. After reviewing the parties' papers and considering the controlling legal authorities, the Court

---

[1] Plaintiff alleges that two Alameda County Deputy Sheriffs — Michael Schwartz and Nichole Bonsteel — violated his rights while he was in the custody of the Alameda County Sheriff's Office and that the following Defendants knew about the violations and did nothing to stop them: Deputy Sheriff David Sanchas, Sheriff Gregory Ahern, Deputy County Counsel Raymond Lara, Commander of Court Services Donald Buchanan, Assistant Sheriff Casey Nice, Executive Officer-Lieutenant Allan Lamb, and County Administrator Susan Muranishi.

[2] Defendants' Motion also asks the Court to strike any allegations or claims that were included in the SAC in violation of the Court's previous Order.

GRANTS IN PART and DENIES IN PART Defendants' Motion as set forth below.[3]

## II.  LEGAL STANDARD

Courts may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, courts must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id*. at 550.  If the court dismisses the complaint, it should grant leave to amend even if no request is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## III.  DISCUSSION

The Court addresses the arguments in Defendants' Motion in turn below.

**A. Plaintiff's State Law Claims**

Defendants first argue that each of Plaintiff's state law claims should be dismissed because he has failed to comply with the California Tort Claims Act ("CTCA").  Under the Act, if a plaintiff

---

[3] The Court provided the factual background of this dispute when it ruled on Defendants' earlier Motion to Dismiss (Dkt. No. 32) and does not restate that background here.

2

1 wishes to file suit against a California public entity or employee, he must first present a claim to the
2 entity within six months after the cause of action accrues. Cal. Gov. Code §§ 911.2, 945.4; *see also*
3 *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1239 (2004). If the public entity fails to act on the
4 claim within 45 days, it is deemed rejected and the plaintiff has two years from the date his cause of
5 action accrued to file a lawsuit.[4] Cal. Gov. Code §§ 911.2, 945.6(a)(2); *see also S.M. v. Los Angeles*
6 *Unified Sch. Dist.*, 184 Cal.App.4th 712, 717 (2010) ("If the public entity does not give written
7 notice that the claim has been rejected (§ 913), the plaintiff has until two years from the date her
8 cause of action accrued to sue the entity."). These "statutes of limitation for commencement of
9 actions against the state and its political subdivisions are mandatory and must be strictly complied
10 with." *Rivera v. City of Carson*, 117 Cal.App.3d 718, 726 (1981).

11 In the Court's previous Order, Plaintiff — who had failed to include any allegations in his
12 first amended Complaint regarding his compliance with the CTCA — was instructed to amend his
13 pleadings to include details about the alleged tort claim he had filed. Dkt. No. 33. Plaintiff complied
14 with this instruction and attached to his SAC a tort claim he alleges to have filed on September 22,
15 2009, which he contends was ignored by the Alameda County Board of Supervisors. SAC ¶ 17.
16 Based on this tort claim, Defendants argue that Plaintiff failed to file his claim within six months of
17 his cause of action accruing, and, even if he did, the state law claims should still be dismissed
18 because he failed to file his lawsuit within two years of the accrual date.

19 Defendants' argument is correct with respect to Plaintiff's claims against Schwartz and
20 Bonsteel. Plaintiff's tort claim provides that he was first injured on December 3, 2008, when
21 Schwartz assaulted him while he was in the holding area of the courthouse. SAC, Ex. A, ¶ 2. After
22 this incident, Plaintiff claims that Schwartz falsely reported that he had attempted to escape and he
23 was subsequently required to wear shackles whenever he was being transported. *Id.* These shackles
24 prevented Plaintiff from using the restroom between December 3, 2008 and February 15, 2009. *Id.* ¶

---

[4] "Suits against a public entity or public employees are governed by the specific statute of limitations provided in the Government Code, not the statute of limitations that applies to private defendants." *Moore v. Twomey*, 120 Cal.App.4th 910, 913 (2004).

3. During this time, Bonsteel refused to loosen Plaintiff's shackles — making them tighter instead — and threatened to assault Plaintiff if he complained. *Id.* Although Plaintiff's tort claim goes on to assert that he was also shackled for every court appearance up until September 21, 2009, causing him to defecate on himself on four occasions,[5] this does not change the fact that Plaintiff was aware that he had claims against Bonsteel and Schwartz as early as December 3, 2008 and not later than February 15, 2009.[6] *Id.* ¶ 4. But Plaintiff did not file his tort claim until September 2009, which is more than six months after his cause of action against Bonsteel and Schwartz accrued. His lawsuit was not filed until September 2011, which is more than two years after the accrual date. Neither of these filings were timely under the CTCA, and Plaintiff's state law claims against Schwartz and Bonsteel are therefore DISMISSED WITHOUT LEAVE TO AMEND.[7]

Defendants' statute of limitations argument, however, is incorrect with respect to the other Defendants. Plaintiff's claims against the supervisor Defendants (Sanchas, Ahern, Lara, Buchanan, Nice, Lamb, and Muranishi) do not stem from Schwartz and Bonsteel's conduct that began in December 2008. Rather, the claims are based on the supervisor Defendants knowing about the treatment Plaintiff was receiving while in custody and being deliberately indifferent to the harms that he was suffering. Plaintiff's tort claim provides that he filed an administrative grievance that each of

---

[5] Plaintiff's SAC corroborates that his tort claim was likely not artfully drafted and that the last time he used the restroom on himself was September 21, 2009 and not February 15, 2009. SAC § 38.

[6] Both parties agree that federal law determines when a cause of action accrues. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)).

[7] Plaintiff attempts to avoid this result with several arguments, all of which miss the mark. He contends that the time to file his tort claim and lawsuit should be tolled for equitable reasons, including the fact that he was pursuing other administrative remedies at the time his tort claim was due. But the administrative grievance procedure set up by the Alameda County Sheriff's Office has no relation to the requirements under the CTCA, and this Court finds no other equitable reason to toll the statute of limitations. Moreover, contrary to Plaintiff's argument, the statute of limitations is also not tolled by virtue of his imprisonment. *See Moore v. Twomey*, 120 Cal.App.4th 910, 913 (2004) (citing Cal. Code Civ. Proc. §352.1(b)).

4

the supervisor Defendants reviewed and ultimately rejected on September 18, 2009.[8] Because Plaintiff filed his tort claim within six months of the final denial of his grievance and his lawsuit within two years of this denial date, he complied with the CTCA's statute of limitations.[9] Accordingly, Plaintiff's state law claims against Sanchas, Ahern, Lara, Buchanan, Nice, Lamb, and Muranishi are timely and Defendants' Motion on these grounds is DENIED.

Lastly, this Court addresses Defendants' argument that Plaintiff's ninth claim for breach of fiduciary duty, which alleges that Plaintiff was never given access to a law library, should be dismissed because it was never asserted in his tort claim and therefore Defendants did not have any notice about it.[10] Plaintiff's tort claim generally asserts that "the county has breached [its] fiduciary duty it owes me," but it never mentions that Plaintiff was upset about the lack of access to a law library. SAC, Ex. A, ¶ 9. Plaintiff argues that this omission is irrelevant because his tort claim only needed to substantially comply with the CTCA, and, in any event, Defendants — pursuant to California Government Code § 911 ("Section 911") — have waived any defects they had against the tort claim since they did not respond to it.

Both of Plaintiff's arguments fail. In *Castenada v. City of Napa*, the court considered the same arguments as Plaintiff makes here. 1996 WL 241818, at *6-8 (N.D. Cal. May 3, 1996). *Castenada* first examined whether the plaintiff could recover for racial discrimination claims even though he did not specifically assert in his tort claim that the incident at issue was racially motivated.

---

[8] Plaintiff's SAC specifies that he began the administrative grievance process on February 5, 2009 and the final denial was not issued until September 18, 2009. SAC ¶¶ 45, 48.

[9] With respect to Schwartz and Bonsteel, Plaintiff had a reason to at least suspect that a type of wrongdoing had injured him in December 2008. Regarding the supervisor Defendants, Plaintiff's cause of action did not accrue until much later since he was still being mistreated after the Spring of 2009, and the supervisor Defendants allegedly remained indifferent and did not ultimately deny his grievance until September of that year.

[10] Defendants raise this claim-dispositive argument in a footnote, which is something that they have done on multiple occasions. Even though the Court considers the argument, it agrees with Plaintiff that Defendants' tactics are improper and discourages such tactics from being employed in the future.

*Id.* at *7. The court held that the "substantial compliance doctrine is unavailing to cure a deficient claim where a plaintiff seeks to impose upon the defendant public entity the obligation to defend a lawsuit based upon a set of facts entirely different from those first noticed." *Id. Castenada* then analyzed whether the defendant had waived its objection to the plaintiff's claim by not providing him with Section 911 notice about the claim being insufficient. *Id.* at *8. The court found that "[c]onsidering the purposes of [the CTCA] — to provide notice and encourage early investigation — it is unlikely that the legislature intended to require the City to suggest to plaintiff a theory of liability which plaintiff never raised in his claim." *Id.* This Court finds the reasoning from *Castenada* instructive and applies it to this matter. Defendants were under no obligation to suggest to Plaintiff that he should amend his tort claim to include an allegation about his lack of access to a law library (which is something that Defendants could not have known at that time since they did not have any notice about it). Defendant's Motion on this issue is therefore GRANTED, and Plaintiff's ninth claim for breach of fiduciary duty is DISMISSED WITHOUT LEAVE TO AMEND against the remaining supervisory Defendants (Sanchas, Ahern, Lara, Buchanan, Nice, Lamb, and Muranishi).

**B. Plaintiff's 42 U.S.C. § 1983 ("Section 1983") Claims Against the Supervisory Defendants**

Defendants next argue that Plaintiff's SAC still does not plead enough facts to state a plausible Section 1983 claim against the supervisory Defendants. In *Starr v. Baca*, the court summarized the law with respect to Section 1983 supervisor liability as follows:

> A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. A plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.
>
> The requisite causal connection can be established ... by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury[.] A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotations and citations omitted).

1  The Court's previous Order found that Plaintiff's common allegation for all claims — that
2  each supervisory Defendant "showed deliberate indifference by failing and refusing after repeated
3  warnings to intervene to protect Plaintiff" — was not sufficient.  Dkt. No. 33 at 8.  The Court
4  explained that Plaintiff had failed to specifically allege the factual circumstances behind these
5  "repeated warnings," making it unclear to the Court what his Section 1983 claims against the
6  supervisory Defendants were based on.  *Id.*  Defendants are correct that Plaintiff's SAC does not go
7  much further in terms of providing additional allegations to support his claims.  But Plaintiff does
8  plead some additional facts in his SAC, that, when compared to his earlier Complaint, satisfy the
9  Court that his Section 1983 claims against the supervisory Defendants should move forward.  For
10  instance, Plaintiff now makes clear that the "repeated warnings" actually consisted of the following:
11  the supervisory Defendants "were warned because they each read the grievance and each was warned
12  by the unknown deputy sheriff mentioned in paragraph 43."  SAC ¶ 53.  Based on this, and the other
13  allegations pled in the SAC — which the Court must accept as true at this stage of the proceedings —
14  Plaintiff's Section 1983 claims against the supervisory Defendants include that they each knew,
15  before Plaintiff was even taken into custody, that Schwartz and Bonsteel were not fit to work at the
16  jail based on their previous conduct, and each supervisory Defendant then failed to act on this
17  knowledge.  SAC ¶ 43.  Moreover, each supervisory Defendant learned that Bonsteel was harassing
18  Plaintiff and preventing him from using the restroom but they did nothing to stop this.  SAC ¶¶ 45-48.
19  The Court finds these allegations sufficient since they meet the requirements outlined in *Starr*.  652
20  F.3d at 1207-08 ("The requisite causal connection can be established ... by knowingly refusing to
21  terminate a series of acts by others, which the supervisor knew or reasonably should have known
22  would cause others to inflict a constitutional injury.") (internal quotations and citations omitted).
23  Accordingly, Defendants' Motion to Dismiss Plaintiff's Section 1983 claims against the supervisory
24  Defendants (Sanchas, Ahern, Lara, Buchanan, Nice, Lamb, and Muranishi) is DENIED.[11]

---

26  [11] Defendants raise another claim-dispositive issue in footnote 9 of their Motion, which
seeks to dismiss Plaintiff's First Amendment claims against each supervisory Defendant.  Dkt. No.
27  35 at 9.  The Court does not consider this argument.  Defendants did not explicitly raise this issue in
their earlier Motion to Dismiss (Dkt. No. 18) — even though they had the opportunity to do so —

**C. Plaintiff's Previously Dismissed Claims**

Defendants ask the Court to strike the following claims from the SAC since they were previously dismissed: (1) Plaintiff's fourth claim under the Eighth Amendment; (2) Plaintiff's claims against the individual County Defendants in their official capacities; and (3) Plaintiff's state law claims against the County. Dkt. No. 35 at 15. Plaintiff does not oppose this request. Dkt. No. 38 at 18. Defendants' Motion on these grounds is therefore GRANTED and these claims are stricken from the SAC.

Defendants also ask the Court to strike Plaintiff's prayer for declaratory relief since his prayer for injunctive relief was dismissed by the Court's previous Order. *See* Dkt. No. 33 at 8. The Court agrees. *See Love v. Yates*, 2012 WL 484603, at *4 (E.D. Cal. Feb. 14, 2012) ("When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions."). Accordingly, Defendants' request is GRANTED and the prayer for declaratory relief is stricken from the SAC.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. The Court shall conduct a case management conference on September 13, 2012. The parties shall file a joint case management statement by September 6, 2012.

**IT IS SO ORDERED.**

Dated: July 20, 2012

Maria-Elena James
Chief United States Magistrate Judge

---

and raising it at this stage is improper.

8