UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DEREK WHEAT, | No. C 11-4509 MEJ |
| Plaintiff, | **ORDER ON PARTIES' JOINT DISCOVERY DISPUTE LETTER** |
| v. | |
| COUNTY OF ALAMEDA, *et al.*, | **[RE: DOCKET NO. 54]** |
| Defendants. | |

On October 25, 2012, the parties filed a joint discovery dispute letter in which they requested a ruling from the Court before the scheduled deposition of Plaintiff on November 1. Dkt. No. 54. The dispute concerns whether Plaintiff — who is not an attorney and is representing himself in this action — should be allowed to employ a contract attorney to assist him in defending his upcoming deposition and in conducting the future depositions of Defendants. Defendants argue that this is not permitted because it amounts to hybrid representation, which is prohibited by 28 U.S.C. § 1654. Dkt. No. 54 at 1. But the cases cited by Defendants do not stand for the proposition that a pro se plaintiff cannot retain a contract attorney to assist him with the defense of a deposition while still retaining the right to represent himself throughout the course of litigation. Rather, the cited cases stand for the more narrow proposition that courts should not permit pro se plaintiffs to retain counsel for all purposes and yet continue to represent themselves at times. *See, e.g.*, *Lanigan v. LaSalle Nat. Bank*, 609 F.Supp. 1000, 1002 (N.D. Ill. 1985) ("the rights of self-representation and representation by counsel may not be both exercised at the same time")).

Courts in this District routinely appoint pro bono attorneys to assist pro se plaintiffs for limited purposes such as settlement conferences, motions, and depositions. *See* Northern District of California, General Order No. 25 (providing that in matters where parties are not represented by an

attorney, the "Court may appoint [pro bono] counsel for all purposes or *for limited purposes* such as representation on a dispositive motion, *conduct of a deposition*, representation in ADR processes, etc.") (emphasis added). In a similar manner, the Court finds nothing troubling — on this record and at these stage of the proceedings — about Plaintiff's decision to hire an attorney to assist him in the upcoming depositions. If, however, Plaintiff abuses this process, Defendants are free to raise this issue again.[1] For the foregoing reasons, Defendants' request to prohibit Plaintiff from utilizing contract attorneys at the upcoming depositions is DENIED.

**IT IS SO ORDERED.**

Dated: October 26, 2012

Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

---

[1] The Court is not persuaded by Defendants' argument that Plaintiff will benefit "from appearing pro se before a jury, and it is unfair and inconsistent to allow the Plaintiff to reap that benefit while having had the benefit of counsel during the litigation." Dkt. No. 54 at 1. This concern is easily mitigated since Defendants remain free to point out to a jury that Plaintiff was represented by counsel during the depositions.