1  Steven C. Wolan (State Bar No. 56237)
   Clariza C. Garcia (State Bar No. 189918)
2  PATTON♦WOLAN♦CARLISE, LLP
   1999 Harrison Street, Suite 1350
3  Oakland, CA 94612-3582
   Telephone: (510) 987-7500
4  Facsimile: (510) 987-7575
5  Email: swolan@pwc-law.com;
   cgarcia@pwc-law.com
6
7  Attorneys for Defendants, COUNTY OF ALAMEDA,
   MICHAEL SCHWARTZ, DAVID SANCHAS (erroneously
8  sued herein as DAVID SANCHES), GREGORY AHERN, SUSAN
   MURANISHI, NICHOLE BONSTEEL, RAYMOND LARA,
9  DONALD BUCHANAN, ALLAN LAMB, AND CASEY NICE
   aka CHARLES NICE
10
11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  DEREK WHEAT, | Case No.: C11-04509 MEJ |
| 15         Plaintiff, | **JUDGEMENT**<br>**(By Stipulation)** |
| 16     vs. | |
| 17  COUNTY OF ALAMEDA, MICHAEL | |
|    SCHWARTZ, DAVID SANCHES, GREGORY | |
| 18  AHERN, SUSAN MURANISHI, NICHOLE | |
|    BONSTEEL, RAYMOND LARA, DONALD | |
| 19  BUCHANAN (formerly DOE 1), ALLAN | |
| 20  LAMB (formerly DOE 2), CASEY NICE aka | Complaint Filed:  September 12, 2011 |
|    CHARLES NICE (formerly DOE 3), and DOES | |
| 21  4-10, inclusive, | |
| 22         Defendants. | |

23

24

25      This lawsuit arises out Plaintiff's detention, incarceration and related transport between the

26  Santa Rita Jail to and from the Alameda County Courthouses by the Alameda County Sheriff's

27  Department from November 14, 2008 to September 23, 2009.

28

1    Pursuant to the stipulation for entry of this Judgment in this lawsuit, and the hearing on January

2    15, 2013, at which Plaintiff Derek Wheat ("WHEAT") appeared In Propia Persona, and Defendants,

3    COUNTY OF ALAMEDA, MICHAEL SCHWARTZ, DAVID SANCHAS (erroneously sued herein

4    as DAVID SANCHES), GREGORY AHERN, SUSAN MURANISHI, NICHOLE BONSTEEL,

5    RAYMOND LARA, DONALD BUCHANAN, ALLAN LAMB, AND CASEY NICE aka CHARLES

6    NICE ("Defendants") appeared through their attorney, PATTON ♦ WOLAN ♦ CARLISE, LLP.

7         IT IS ORDERED that Judgment is hereby entered against Defendants in the amount of

8    $124,000.00 to be made payable to "Grout Law Firm, Trustee."  Said compensation shall be paid

9    within 30 days after Defendants obtain approval from the Board of Supervisors.

10        IT IS FURTHER ORDERED that Judgment in the form of an INJUNCTION is hereby entered

11   against WHEAT as follows:

12        1.  Definitions:

13             a.  "Covered Entities and Persons" shall mean any current or former County of

14                 Alameda employees, officials and agents and/or the employees, officials and agents

15                 of any related and/or subordinate municipal entities and of their family members or

16                 similar persons as specifically defined by the persons listed in California Family

17                 Code Section 6209 and their counsel, including but not limited to PATTON ♦

18                 WOLAN ♦ CARLISE, LLP.

19             b.  "Action" shall mean the case *Derek Wheat v. County of Alameda, et al.*, Case

20                 Number C11-04509, currently pending before the Northern District of California.

21             c.  "Claim" shall mean WHEAT's claim made against the County of Alameda signed

22                 and dated by WHEAT on December 27, 2012.

23        2.  Effective Date:

24             The Effective Date shall be the date this Judgment is signed by the Court.

25        3.  General Release:

26             WHEAT hereby forever generally and completely releases and discharges Defendants and

27             their employees, attorneys, insurers, agents, heirs, executors, administrators, assignees,

28             subsidiaries, officers and successors of and from any and all claims and demands of every

---

JUDGMENT (By Stipulation)                                           (Case No. C11-04509 MEJ)

kind and nature, in law, equity or otherwise, unknown and unknown, suspected and unsuspected, disclosed and undisclosed, for damages actual, consequential and exemplary, at any time prior to the Effective Date, including (without limitation) all such claims and demand arising out of or in any way related to the Action and the Claim including WHEAT's agreement not to file a lawsuit based on the Claim.  WHEAT's release of the Defendants as set forth above specifically includes (without limitation):  all claims or demands related to part or future physical injuries, mental injuries, pain and suffering, medical bills, salary or any other form of compensation.

4.  Covenant Not to Initiate Litigation In Propia Persona for 15 Years:

If, during the next 15 years, WHEAT desires to sue a Covered Entity or Person for a claim arising out of an act or occurrence that occurs in the future, e.g., that has not been released pursuant to this Judgment, and the claim arises from an action or inaction relating to a Covered Entity or Person, WHEAT must be represented by a licensed California attorney (other than himself).  This prohibition applies even if WHEAT is admitted to the California State Bar during said period.  If WHEAT is represented by an attorney in such a civil lawsuit and the attorney withdraws for any reason, WHEAT will agree to a stay in the action and will be allowed reasonable time to retain new counsel.  WHEAT represents that he works with numerous attorneys and he has the financial ability and relationship to retain an attorney to represent him, if needed.

5.  Covenant Not to Initiate, Participate or Assist In Inmate Litigation:

WHEAT agrees he will cease and desist from assisting Alameda County inmates, both present and former, from initiating and/or maintaining claims and/or litigation against the Covered Entities or Persons.

6.  Remedy for Breach:

If WHEAT violates this Injunction/Judgment, the affected Covered Entity or Person, on behalf of themselves or said Covered Entity or Person, may file a Motion for Contempt of Court.  The burden of proof at a hearing on such a motion shall be by a preponderance of the evidence and monetary damages and/or sanctions shall be available according to proof.

1    No new lawsuit is needed in the event of an alleged violation. The Court shall retain

2    continuing jurisdiction as to the enforcement of this Judgment.

3    7.   Waiver and Release of All Claims:

4    WHEAT hereby waives any and all rights and benefits conferred upon him by Section

5    1542 of the California Civil Code and expressly consents that this stipulated Judgment shall

6    be given full force and effect according to each and all of its expressed terms and

7    provisions including those related to unknown and unsuspected claims, demands, and

8    causes of action, if any, as well as those relating to other claims, demands and causes of

9    action hereinabove specified. WHEAT has been fully advised by his attorney of the

10   contents of Section 1542 of the Civil Code of the State of California, and that section and

11   the benefits thereof are hereby expressly waived. Section 1542 reads as follows:

> **"Section 1542.  (General Release – Claims Extinguished.)**
> **A general release does not extend to claims which the creditor**
> **does not know or suspect to exist in his or her favor at the time**
> **of executing the release, which if known by him or her must**
> **have materially affected his or her settlement with the debtor."**

18   WHEAT hereby waives the rights described in Section 1542 and elects to assume all risks

19   for claims that now exist, known or unknown, that are released under this stipulated

20   Judgment. WHEAT acknowledges that he may have sustained damages, expenses, and

21   losses which are presently unknown or not suspected and that such damages, expenses, and

22   losses, if any, may give rise to additional claims for damages, expenses, and losses in the

23   future which are not now anticipated by him. Nevertheless, WHEAT acknowledges that

24   this stipulated Judgment has been negotiated and agreed upon in light of this realization

25   and, being fully aware of the situation, hereby expressly waives any and all rights that he

26   may have under California Civil Code Section 1542, as well as under any state or federal

27   law of similar effect.

28   ///

8. No Admission of Liability:

The Defendants' and WHEAT's stipulation to this Judgment is a compromise of disputed claims and nothing contained herein is to be construed as an admission of liability on the part of Defendants who are hereby released, or any of them, by whom liability is expressly denied. Accordingly, while this stipulated Judgment resolves all issues between the parties, it is not an adjudication or finding on the merits of the allegations and is not, and shall not be construed as, an admission by the Defendants of any liability. Moreover, neither this stipulated Judgment nor anything in it shall be construed to be or shall be admissible in any proceeding as evidence of or an admission by any of the Defendants of liability.

9. Attorneys' Fees and Costs:

WHEAT and Defendants will bear their own costs, expenses, and attorneys' fees, whether taxable or otherwise, incurred in or arising out of or in any way related to the Action and Claim.

10. Representations Regarding Comprehension and Interpretation of the Judgment:

WHEAT is currently represented by Daniel A. Grout. Each party represents that in entering into the stipulation for this Judgment, the party has relied upon the legal advice of the party's attorney, which is the attorney of the party's own choice. Each party further represents that the terms of this Judgment have been completely ready by the party and that these terms are fully understood and voluntarily accepted by both the party and their attorney. Each party and counsel for each party has reviewed and revised, or had the opportunity to revise this Judgment, and accordingly the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party is not applicable and therefore shall not be employed in the interpretation of this Judgment.

11. Enforceability in Federal Court:

Enforcement of this Judgment will be in the exclusive jurisdiction of the Federal Court.

12. Severability:

Should any provision of this Judgment, or its application to any entity, person or circumstance, be determined by a court of competent jurisdiction to be unlawful,

unenforceable, or otherwise void, that determination shall have no effect on any other provisions of this Judgment, or the application of this Judgment to any other entity, person or circumstance and, for that purpose alone, the provisions hereof are severable.

13. Indemnity:

WHEAT acknowledges and agrees that he is solely responsible for the payment of any and all local, state, or federal taxes, if any, associated with the foregoing Judgment and agrees to indemnify (including providing litigation defense), and defend and hold the Defendants harmless from any and all claims by local, state and/or federal taxing authorities.

14. No Representations or Promises:

This stipulated Judgment contains the entire agreement between WHEAT and Defendants and constitutes the complete, final and exclusive embodiment of their stipulated Judgment with respect to the subject matter hereof.  This stipulated Judgment is executed without reliance upon any promise, warranty or representation by either WHEAT or Defendants or any representative of WHEAT or Defendants other than those expressly contained herein.

15. Entire Agreement:

This stipulated Judgment contains the entire agreement between WHEAT and Defendants and constitutes the complete, final and exclusive embodiment of their agreement with respect to the subject matter set forth herein and may not be amended except by a writing executed by all parties hereto, and signed by the Court.

///
///
///
///
///
///
///
///

JUDGMENT (By Stipulation)

(Case No. C11-04509 MEJ)

6

1     The Clerk of this Court is hereby instructed to enter this Judgment pursuant to Federal Rules of

2  Civil Procedure, Rule 58.

3

4  APPROVED AS TO FORM:

5  Dated: _March  6____, 2013          By: _____

6                                            DEREK WHEAT, Plaintiff

7

8  APPROVED AS TO FORM:

9  Dated: _March 6____, 2013           THE GROUT LAW FIRM

10

11                                     By: _____

12                                            DANIEL GROUT

13                                            Attorney for Plaintiff Derek Wheat

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

JUDGMENT (By Stipulation)                                    (Case No. C11-04509 MEJ)

1

2   Dated: __3/5_____, 2013      By: _____
                                          Janette Brook for
3                                         County of Alameda, Defendant

4

5   APPROVED AS TO FORM:

6
    Dated: __March 5_____, 2013      PATTON ◆ WOLAN ◆ CARLISE, LLP
7

8

9                                      By: _____
                                           STEVEN C. WOLAN
10                                         CLARIZA C. GARCIA
                                           Attorneys for Defendants, COUNTY OF
11                                         ALAMEDA, MICHAEL SCHWARTZ, DAVID
                                           SANCHAS (erroneously sued herein as DAVID
12                                         SANCHES), GREGORY AHERN, SUSAN
                                           MURANISHI, NICHOLE BONSTEEL,
13                                         RAYMOND LARA, DONALD BUCHANAN,
                                           ALLAN LAMB, AND CASEY NICE aka
14                                         CHARLES NICE

15

16

17

18      **IT IS SO ORDERED.**

19   Dated: __March 12___, 2013

20

21                                         Judge Maria-Elena James

22

23

24

25

26

27

28

JUDGMENT (By Stipulation)                                    (Case No. C11-04509 MEJ)